IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

Case No. 4:26-cv-01469

TAMARA WAREKA a/k/a TAMARA WILLIAMS,

Plaintiff,

v.

GLOGEOUS BY REGINA LLC d/b/a GLOGEOUS AESTHETICS & WELLNESS,

Defendant.

---

## COMPLAINT

Plaintiff Tamara Wareka a/k/a Tamara Williams ("Plaintiff") sues defendant GLOgeous by Regina LLC d/b/a Glogeous Aesthetics & Wellness ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a German citizen residing in Germany.

2. Defendant is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business located at 215 Creekside Office Drive, Wentzville, MO 63385. Defendant's agent for service of process is United States Corporation Agents, Inc., 1028 N. Kingshighway Street, Cape Girardeau, MO 63701.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a renowned freelance photographer with a focus on fashion and beauty photography. Plaintiff's work is recognized for its refined, natural aesthetic and has been featured in distinguished publications such as *Vogue, Harper's Bazaar, Elle, Marie Clare, Maxim, Glamour, L'Officiel*, and *Cosmopolitan* to name a few. Her work has also been featured commercially by top beauty brands including Fenty, NARS, Benefit, and KKW. Plaintiff has built an impressive social media following with more than 3.5 million followers across multiple platforms. Her professional portfolio can be viewed on her Instagram account (@tamarawilliams).

### II. The Work at Issue in this Lawsuit

7. Plaintiff created a professional photograph of a female model titled "AU11452057" (the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

8. The Work was registered by Plaintiff with the Register of Copyrights and was assigned a registration number thereby. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

9. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III. Defendant's Unlawful Activities**

10. Defendant owns and operates a medical aesthetics and wellness practice in Wentzville, Missouri.

11. Defendant advertises/markets its business through its website (https://www.glogeousbyregina.com/), social media (e.g., https://www.facebook.com/GLOgeousbyregina/?ref=PROFILE_EDIT_xav_ig_profile_page_web# and https://www.instagram.com/glogeous_by_regina/), and other forms of advertising.

12. On October 29, 2022 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business.

13. A true and correct copy of a screenshot of Defendant's website, webpage, and/or social media displaying the copyrighted Work, is included in Exhibit "A" hereto.

14. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

15. Defendant utilized the Work for commercial use.

16. Upon information and belief, Defendant located a copy of the Work on the internet


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

17. Through her ongoing diligent efforts to identify unauthorized use of her photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on September 22, 2023. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

18. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 as set forth above.

20. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

21. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

22. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

23. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

24. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

25. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

26. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

27. Plaintiff is entitled to recover her actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

28. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

29. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover her costs and attorneys' fees as a result of Defendant's conduct.

30. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

d. Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: September 14, 2026.

**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.